| | |
|---|---|
| 1 | MAYER, BROWN, ROWE & MAW LLP |
| | IAN FEINBERG (SBN 88324) |
| 2 | ERIC B. EVANS (SBN 232476) |
| | Two Palo Alto Square, Suite 300 |
| 3 | 3000 El Camino Real |
| | Palo Alto, CA 94306 |
| 4 | Telephone: (650) 331-2000 |
| | Facsimile: (650) 331-4555 |
| 5 | ifeinberg@mayerbrownrowe.com |
| 6 | Attorneys for Defendant, Counterclaimant, and |
| | Third-Party Plaintiff |
| 7 | ADOBE SYSTEMS INCORPORATED |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**SAN JOSE DIVISION**

*E-FILED - 3/2/07*

| | |
|---|---|
| HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>         Defendant, | Civil Action No. C 06-5387 RMW (RSx)<br><br>STIPULATION AND []<br>ORDER STAYING ACTION ONLY AS<br>BETWEEN ADOBE AND LINOTYPE |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>         Counterclaimant,<br><br>    v.<br><br>HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>         Counterdefendant, | |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>         Third-party Plaintiff,<br><br>    v.<br><br>LINOTYPE GmbH, a German Corporation,<br><br>         Third-party Defendant. | |

STIPULATION AND [] ORDER STAYING ACTION ONLY AS BETWEEN ADOBE AND LINOTYPE
CASE NO. C06 05387

LIBA/1758576.3
44032463


1  Pursuant to Local Rules 7-12 and 16-2, Plaintiff and Counterclaim Defendant
2  Heidelberger Druckmaschinen AG ("HDM"), Defendant, Counterclaimant, and Third-party
3  Plaintiff Adobe Systems Incorporated ("Adobe") and Third-party Defendant Linotype GmbH
4  ("Linotype") respectfully request that this Court enter an order staying this action only as
5  between Adobe and Linotype (on the Adobe's Third-Party Complaint) until August 15, 2007 to
6  enable Adobe and Linotype to negotiate a new agreement which would moot the Third Party
7  Complaint.  The parties do not seek a stay of the dispute between HDM and Adobe because a
8  new agreement between Adobe and Linotype would not affect HDM and Adobe's claims against
9  each other.

Good cause exists for this Court to stay the action against Linotype because:

(1) HDM filed the complaint in this action ("the Complaint") on August 31, 2006.

(2) HDM served the Complaint on Adobe on September 20, 2006.

(3) On October 30, 2006, Adobe answered the Complaint, brought counterclaims against Heidelberger and brought third-party claims against Linotype.

(4) Adobe brought third-party claims against Linotype largely to avoid the possibility that Adobe might be estopped by any portion of a judgment adverse to Adobe, but Linotype might not be estopped by any portion of a judgment adverse to HDM.

(5) Linotype agrees to accept service of Adobe's third-party complaint, effective upon entry of this Stipulation and Proposed Order, thereby avoiding the necessity for service of process on Linotype pursuant to The Hague Convention.

(6) Adobe and Linotype are negotiating revised agreements between themselves.  If the negotiations are successful, they will moot the Third-Party Complaint brought by Adobe against Linotype, and Linotype will be dismissed with prejudice from the case. However, Adobe and Linotype believe that the negotiations are likely to take until August 15, 2007 since the existing agreements between them are complex and voluminous.  Adobe and Linotype wish to avoid the expense of litigation between

themselves, and perhaps the hardening of positions which sometimes results from litigation.

(7) Accordingly, the parties request that this Court stay the entire Action between Adobe and Linotype (on the Third-Party Complaint) until August 15, 2007 (the "Stay Period").

(8) The parties agree that should Adobe and Linotype not reach an agreement mooting the Third-Party Complaint by Adobe against Linotype, Adobe and Linotype shall be entitled to take discovery against each other, including reopening depositions if necessary. However, Adobe will not be entitled to reopen depositions that it had already taken, except that, as to current Linotype personnel, it would be permitted to reopen depositions solely on events occurring after March 31, 2006.

(9) Adobe and Linotype agree that (i) any positions taken by HDM or Adobe during the Stay Period and (ii) matters adjudicated during the Stay Period will have no preclusive or estoppel effect as between Adobe and Linotype. Adobe and Linotype further agree not to assert any such preclusive or estoppel effect against the other.

(10) The parties agree that Linotype's time to file a response to the Third Party Complaint, including any motions pursuant to Rule 12 of the Federal Rules of Civil Procedure, shall be twenty (20) days from the later of (i) the denial by this Court of this Stipulation and Proposed Order or (ii) the end of the Stay Period if this Court approves this Stipulation and Proposed Order.

(11) Because Linotype may have access and/or control over various documents and witnesses relevant to the dispute between HDM and Adobe, Linotype agrees to cooperate in discovery initiated by HDM or Adobe against one another relating to the respective claims of HDM or Adobe, and to make documents and witnesses available without subpoena.

(12) Linotype and Adobe specifically agree that they will not seek to change any trial date assigned by this Court based upon the proposed stay and the preference of

Linotype and Adobe to discuss their dispute rather than litigate it during the Stay Period.

(13) Counsel for Adobe, HDM, and Linotype have conferred, as required by Civil L.R. 16-2(d)(2). Adobe and Linotype support this request for relief and HDM does not object to it based on the statements herein.

| | |
|---|---|
| February 8, 2007 | MAYER, BROWN, ROWE & MAW LLP<br>Ian N. Feinberg<br>Eric B. Evans |
| | By: /s/<br>Ian N. Feinberg<br>Attorneys for Defendant, Counterclaimant, and Third-party Plaintiff<br>ADOBE SYSTEMS INCORPORATED |
| February 8, 2007 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Steven B. Sacks<br>M. Elizabeth McDaniel<br>David DeGroot |
| | By: /s/<br>Steven B. Sacks<br>Attorneys for Plaintiff and Counterclaim Defendant<br>HEIDELBERGER DRUCKMASCHINEN |
| February 8, 2007 | GOODWIN PROCTER LLP<br>Patrick S. Thompson |
| | By: /s/<br>Patrick S. Thompson<br>Attorneys for Third-party Defendant<br>LINOTYPE GMBH |

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Ian Feinberg hereby attests that the signatories' concurrences in the filing of this document have been obtained.*

**PURSUANT TO STIPULATION, IT IS HEREBY ORDERED AS FOLLOWS:**

-4-

1  (1) The entire Action between Adobe and Linotype (on the Third-Party Complaint) is
2      stayed until August 15, 2007 (the "Stay Period").
3  (2) Should Adobe and Linotype not reach an agreement mooting the Third-Party
4      Complaint by Adobe against Linotype, Adobe and Linotype shall be entitled to take
5      discovery against each other, including reopening depositions if necessary.  However,
6      Adobe will not be entitled to reopen depositions that it had already taken, except that,
7      as to current Linotype personnel, it would be permitted to reopen depositions soley on
8      events occurring after March 31, 2006.
9  (3) Linotype's time to respond to the Third Party Complaint, including any motions
10     pursuant to Rule 12 of the Federal Rules of Civil Procedure, shall be twenty (20) days
11     from the end of the Stay Period.
12 (4) Linotype shall cooperate in discovery initiated by HDM or Adobe against one another
13     relating to the respective claims of HDM or Adobe, and to make documents and
14     witnesses available without subpoena.

DATED: __3/2/07_____      _____Ronald M. Whyte_____
                                         The Honorable Ronald M. Whyte
                                         UNITED STATES DISTRICT JUDGE