1  MAYER BROWN LLP
   IAN FEINBERG (SBN 88324)
2  ERIC B. EVANS (SBN 232476)                    *E-FILED 9/25/07*
   Two Palo Alto Square, Suite 300
3  3000 El Camino Real
   Palo Alto, CA  94306
4  Telephone: (650) 331-2000
   Facsimile: (650) 331-4555
5  ifeinberg@mayerbrown.com

6  Attorneys for Defendant, Counterclaimant, and
   Third-Party Plaintiff
7  ADOBE SYSTEMS INCORPORATED

8

                    **UNITED STATES DISTRICT COURT**

                         **NORTHERN DISTRICT**

                          **SAN JOSE DIVISION**

| | |
|---|---|
| HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>　　　　Defendant, | Civil Action No. C 06-5387 RMW (RS)<br><br>**[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>　　　　Counterdefendant, | |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>　　　　Third-party Plaintiff,<br><br>　　v.<br><br>LINOTYPE GmbH, a German Corporation,<br><br>　　　　Third-party Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for plaintiff HEIDELBERGER DRUCKMASCHINEN AG ("HDM"), defendant, counterclaimant and third party plaintiff ADOBE SYSTEMS INCORPORATED ("Adobe") and third party defendant LINOTYPE GmbH ("Linotype") (HDM, Adobe and Linotype will sometimes be collectively referred to as "the Parties") that:

    A.    This case concerns royalties allegedly due and owing on agreements between Linotype and Adobe. HDM and Linotype assert that Linotype assigned its claims for royalties accrued through March 31, 2006 to HDM. Adobe, HDM and Linotype believe that documents and things that are being requested in discovery might reveal highly sensitive and confidential information that is purposely protected from disclosure to the public and that, if disclosed, would damage HDM, Adobe and/or Linotype.

    B.    A substantial volume of materials is being sought, and is expected to be sought, in discovery in this action from the Parties and third parties that includes confidential and sensitive commercial information. The Parties believe that this confidential information includes, but is not limited to, sensitive financial information, including sales information, profit figures and calculations, pricing, royalties and other accounting information, and sensitive technical information including product builds and the like.

    C.    Therefore, good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this case.

    D.    The party about whose business or technology information or documents are produced as described in paragraphs 1 and 2 could suffer serious competitive harm if the information identified above or other competitively sensitive information were made available to its customers, competitors, or to the public.

    E.    The Producing Party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information.

F. THEREFORE, the Parties, by and through their undersigned counsel, stipulate to the following protective order and respectfully request this Court to enter this stipulation as an order.

**IT IS HEREBY ORDERED THAT:**

**1. SCOPE**

This Stipulated Protective Order ("Protective Order") shall govern material and information produced in this action, including, without limitation:  all deposition testimony and deposition exhibits; all testimony taken at hearings or other proceedings; and all transcripts of any such testimony; all documents, physical objects, recordings and things produced in the course of discovery; and responses to discovery requests, whether produced informally or in response to interrogatories, requests for admission, or requests for production of documents, or any other method of discovery.  This Protective Order also shall govern material and information produced in this action pursuant to mandatory disclosure provisions and supplementary disclosure requirements of any Federal Rule or Local Rule of this Court.

**2. DEFINITIONS**

2.1. <u>Party or Parties</u>:  a party named in this action and represented by the undersigned counsel in this action, including all of their parents, subsidiaries, and affiliates, officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Non-Party</u>:  a third party not named in this action but that discloses material and information for use in this action, either informally or pursuant to discovery mechanisms provided by any Federal Rule or Local Rule of this Court.

2.3. <u>Disclosure or Discovery Material</u>:  all items, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

2.4. <u>"CONFIDENTIAL" and "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>:  information (regardless of how generated, stored or maintained) or

tangible things that qualify for protection, such as trade secrets or other confidential research, development, or commercial information, information that if publicly disclosed may cause a Party, Non-Party, or any other person annoyance, embarrassment, oppression, or undue burden or expense, and other information that qualifies for protection under Fed. R. Civ. P. 26(c)(7).

2.5. <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.6. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

2.8. <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

2.9. <u>Challenging Party</u>:  a Party that challenges or disputes the validity of a Designating Party's designation of certain material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

2.10. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action or in any other action between the Parties.

2.11. <u>In-House Counsel</u>:  attorneys who are employees of a Party.

2.12. <u>Counsel (without qualifier)</u>:  Outside Counsel.

2.13. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition does not include a professional jury or trial consultant retained in connection with this litigation.

2.14. <u>Professional Vendors</u>:  persons or entities that provide litigation support services

(e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect during this litigation and after its termination, until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.     DESIGNATING PROTECTED MATERIAL**

4.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

4.2.    <u>Material Likely to Be Designated</u>.

(i) Documents identifying customers;

(ii) financial information, including information regarding sales;

(iii) pricing;

(iv) royalties;

(v) technical information including product builds and the like;

(vi) internal strategy and marketing materials.

4.3.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (*see*, *e.g*., Paragraph 4.5, below), or as otherwise stipulated or ordered, material

-5-

that qualifies for protection under this Protective Order must be clearly designated as such before the material is disclosed or produced. Designation conforms with this Protective Order in the following ways:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL- OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or Non-Party offering or sponsoring the testimony identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specifies any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY". When it is impractical, before the end of the deposition, to identify separately each portion of testimony that is entitled to protection, and/or when it appears that

-6-

substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are designated for protection within the 20 days after receipt of the transcript shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

4.4. <u>Removal of Designation</u>.  If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing or modifying the mistaken designation.

4.5. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material thereafter is treated in

accordance with the provisions of this Protective Order.

4.6.  Non-Applicability of Designation.  The restrictions of this Protective Order shall not apply to any information which in the future is made known to the Receiving Party on a nonconfidential basis by the Producing Party, or which is made known in the future to the Receiving Party on any basis by any source other than the Producing Party, which source is independent of the Receiving Party.  Nor do the restrictions of this Protective Order apply to any information which the Receiving Party shall establish was already known to it at the time of disclosure, or has been or becomes a matter of public knowledge through no act of the Receiving Party, or has been publicly available through no act of the Receiving Party.

**5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1.  Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2.  Manner of Challenge.  A Party that elects to challenge a Designating Party's confidentiality designation may do so by providing written notice (by email and U.S. mail) to lead counsel for the Designating Party identifying the challenged designation with specificity.  If within ten (10) business days of receipt of the challenge, the Designating Party does not affirm its designation by written notice (by email and U.S. mail) to lead counsel for the Challenging Party, the challenged designation shall be deemed withdrawn and the designated material so designated shall no longer be deemed to be confidential.  If within ten (10) business days of receipt of the challenge, the Designating Party affirms its designation by written notice to lead counsel for the Challenging Party, the Meet and Confer process (described in Paragraph 5.3 below) shall commence.

5.3.  Meet and Confer.  A Party that elects to affirm its confidentiality designation must do so in good faith and meet and confer within five (5) business days of its affirmation by

1  conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient)
2  with counsel for the Challenging Party.  In conferring, the Challenging Party must explain the
3  basis for its belief that the confidentiality designation was not proper and must give the
4  Designating Party an opportunity to review the designated material, to reconsider the
5  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
6  designation.  If the Challenging Party still disputes the validity of the designation after the meet
7  and confer has taken place, the Designating Party may maintain its confidentiality designation
8  for the challenged designation only if it moves for a protective order or other judicial
9  intervention (as described in paragraph 5.4 below) within forty five (45) days of the meet and
10 confer.

11      5.4.    <u>Judicial Intervention</u>.  A Party that seeks to maintain its confidentiality
12 designation after failing to obtain the Challenging Party's consent during the meet and confer
13 may file and serve a motion under Civil L.R. 3-7 (and in compliance with Civil L.R. 79-5, if
14 applicable) that identifies the designated material and sets forth in detail the basis for the
15 designation.  Each such motion must be accompanied by a competent declaration that affirms
16 that the movant has complied with the meet and confer requirements imposed in the preceding
17 paragraph and that sets forth with specificity the justification for the confidentiality designation
18 that was given by the Designating Party in the meet and confer dialogue.

19      The burden of persuasion in any such challenge proceeding shall be on the Designating
20 Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in
21 question the level of protection to which it is entitled under the Producing Party's designation.

22      **6.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

23      6.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed
24 or produced by another Party or by a Non-Party in connection with this action only for
25 prosecuting, defending, or attempting to settle this action or any related litigation between the
26 Parties.  Such Protected Material may be used for any purpose related to this action or related
27 litigation between the Parties including, without limitation, the service of subpoenas or other

-9-

1  legal process on witnesses and non-parties and the amendment of the complaint (if permitted by
2  stipulation and/or the Court) to add additional claims and/or additional parties to this action.
3  Such Protected Material may be disclosed only to the categories of persons and under the
4  conditions described in this Protective Order.  When all litigation between or among the Parties
5  has been terminated, a Receiving Party must comply with the provisions of Paragraph 10, below
6  (FINAL DISPOSITION).

7        6.2.    <u>Care and Custody of Protected Material</u>.  Protected Material must be stored and
8  maintained by a Receiving Party at a location and in a secure manner that ensures that access is
9  limited to the persons authorized under this Protective Order.

10       6.3.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
11 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may
12 disclose any information or item designated "CONFIDENTIAL" only to:

13     (a) the Receiving Party's Outside Counsel as well as employees of said Counsel to whom
14 it is reasonably necessary to disclose the information;

15     (b) up to five (5) officers, directors, or employees (including In-House Counsel) of the
16 Receiving Party to whom disclosure is reasonably necessary and who have signed the
17 "Acknowledgement and Agreement to Be Bound" (Exhibit A);

18     (c) experts (as defined in this Protective Order) of the Receiving Party to whom
19 disclosure is reasonably necessary for this litigation and who have signed the
20 "Acknowledgement and Agreement to Be Bound" (Exhibit A);

21     (d) the Court and its personnel;

22     (e) court reporters, their staffs, and Professional Vendors to whom disclosure is
23 reasonably necessary for this litigation;

24     (f) professional jury and trial consultants to whom disclosure is reasonably necessary for
25 this litigation and who have signed the "Acknowledgement and Agreement to Be Bound"
26 (Exhibit A);

27     (g) during their depositions, witnesses in the action to whom disclosure is reasonably

28

necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author of the document or the original source of the information and recipients of e-mails, letters, and other written correspondence.

6.4. <u>Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel as well as employees of said Counsel to whom it is reasonably necessary to disclose the information;

(b) one inside counsel for the Receiving party who is not involved in "competitive decisionmaking" under the test enunciated in *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1470 (9th Cir. 1992), as applied in, *e.g.*, *Amgen, Inc. v. Elanex Pharmaceuticals, Inc*., 160 F.R.D. 134, 139 (W.D. Wash. 1994). The Receiving party shall designate inside counsel under this paragraph to other parties before providing "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" materials to that inside counsel. Other parties will have seven (7) days to object to such designation. If the parties cannot agree after meeting and conferring on which inside counsel the Receiving party may have review "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" materials, the party with an objection may request that the court order that the designated inside counsel not have access to "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" materials;

(c) experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is

reasonably necessary for this litigation;

(f) professional jury and trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(h) the author of the document or the original source of the information and recipients of e-mails, letters, and other written correspondence.

6.5.   <u>No Concession of Admissibility</u>.  Notwithstanding the provisions in this Protective Order that permit the disclosure of documents and information to Outside Counsel in this action and in related litigation between the Parties, nothing in this Protective Order shall be interpreted as a Party's waiver of its right to object to the admissibility of such documents or information in this action or in related litigation between the Parties.

**7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", the Receiving Party must so notify the Designating Party, in writing (by email and U.S. mail) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

-12-

deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The Receiving Party will cooperate with any efforts the Designating Party decides to undertake to seek a protective order or other relief in response to a third-party subpoena or other order affecting Protected Material.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### 9. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to the Designating Party, a Party may not file any Protected Material in the public record in this action or in any related litigation between the Parties. A Party that seeks to file under seal any Protected Material in this action must comply with Civil L.R. 79-5.

### 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of litigation between or among the Parties, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all

-13-

Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3 (DURATION), above.

**11.    MISCELLANEOUS**

11.1.    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    This Stipulation shall become binding immediately upon its execution without regard to whether or when it becomes an order of the Court.

**STIPULATED TO BY**:

| | |
|---|---|
| August 14, 2007 | MAYER BROWN LLP<br>Ian N. Feinberg<br>Eric B. Evans |
| | By: /s/<br>Ian N. Feinberg<br>Attorneys for Defendant<br>ADOBE SYSTEMS INCORPORATED |
| August 10, 2007 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Steven B. Sacks<br>M. Elizabeth McDaniel<br>David DeGroot |
| | By: /s/<br>David DeGroot<br>Attorneys for Plaintiff<br>HEIDELBERGER DRUCKMASCHINEN AG |
| August 10, 2007 | GOODWIN PROCTER LLP<br>Patrick S. Thompson |
| | By: /s/<br>Patrick S. Thompson<br>Attorneys for Defendant<br>LINOTYPE GmbH |

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), Ian Feinberg hereby attests that the signatories' concurrences in the filing of this document have been obtained.*

**IT IS SO ORDERED.**

Dated: September 25, 2007

_____
UNITED STATES DISTRICT COURT JUDGE

-15-

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C06 5387 RMW (RSx)

44036813.2
44036813.2

# **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**

## **NORTHERN DISTRICT**

## **SAN JOSE DIVISION**

| | |
|---|---|
| HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Defendant, | Civil Action No. C 06-5387 RMW (RSx)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>HEIDELBERGER DRUCKMASCHINEN AG, a German Corporation,<br><br>    Counterdefendant, | |
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Third-party Plaintiff,<br><br>    v.<br><br>LINOTYPE GmbH, a German Corporation,<br><br>    Third-party Defendant. | |

I hereby acknowledge that I have reviewed a copy of the Stipulated Protective Order, dated _____ __, 2007, and that I will comply with the terms of said Stipulated Protective Order in all respects.

Dated: _____          _____

-16-